which requires that the testimony of the prosecutrix be carefully scrutinized, her testimony does not overcome the presumption of innocence. Reference is made to the cases of Gazley v. State, 17 Tex. App. 267, and Charles v. State, 81 Tex. Cr. R. 457, 196 S. W. 179. The rule stated is regarded as sound and has been given effect many times, including the recent case of Terry v. State (Tex. Cr. App.) 266 S. W. 511. Its application to the present facts, however, is not clear.

The question at issue is not whether the act of intercourse took place or whether there was consent, but whether the date of it was antecedent to the fifteenth birthday of the prosecutrix. That is to say, the supporting testimony as to opportunity and association is such that even if the law demanded corroboration, which it does not demand, this court would not be warranted in overturning the finding of the jury, sanctioned by the trial court, upon the ground that the sexual relations between the prosecutrix and the appellant were not proved. See Nash v. State, 61 Tex. Cr. R. 259, 134 S. W. 709; Slaughter v. State, 86 Tex. Cr. R. 527, 218 S. W. 767.

On the question of date, her testimony alone is given. The particular time that the act of intercourse took place is of a nature which would render it difficult to fix by testimony other than that of the prosecutrix. The surrounding circumstances showing the opportunity were at hand, as was also the previous intimacy of the parties. There is no controverting testimony, and it is not believed that any violence was done the principle stated in the authorities mentioned in refusing, upon the original hearing, to set aside the judgment of affirmance.

The motion for rehearing is overruled.

---

## Ex parte CHANDLER.   (No. 9190.)

(Court of Criminal Appeals of Texas. Jan. 28, 1925. Rehearing Denied Feb. 25, 1925.)

**1. Infants ⚶16—Disposal of case of juvenile delinquent before time set in capias on which she was arrested held not erroneous.**

Trial court did not err in hearing and disposing of case of juvenile delinquent before time set in capias on which she was arrested, where she, with her mother and attorneys representing her, requested such disposal.

**2. Infants ⚶16—Failure of complaint in commitment of juvenile delinquent to allege that she was under 16 years of age held no ground for complaint.**

Failure of complaint and information in commitment of juvenile delinquent to allege that she was under age of 16 years was no ground for complaint, where no objection was made on that ground in trial court, and proof showed that she was 14 years of age.

**3. Infants ⚶16—Judgment committing delinquent to training school for girls held not defective for failure to state length of commitment.**

Judgment committing juvenile delinquent to training school for girls was not defective for failure to set out length of commitment, where it directed that she be detained until she reached age of 21 years, unless court made a different disposition of her.

Original application for habeas corpus to secure the discharge of Eugenia Chandler from the Training School for Girls at Gainesville. Application denied.

E. W. Neagle, of Sherman, for appellant.
Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. In an original application for habeas corpus applicant seeks discharge from the Training School for Girls at Gainesville, Tex., in which institution she was incarcerated in December, 1924, by a judgment of the county court of Cooke county adjudging her to be a delinquent juvenile, and her punishment if such it may be called, was fixed at confinement therein during her minority.

[1] The application for habeas corpus states that applicant was arrested upon a capias which required her appearance in February, 1925, but that she was illegally brought to trial on December 16, 1924. It appears from the statement of facts that, after service of said capias upon her, applicant, with her mother and attorneys representing her, requested that the case be disposed of before the return date in the capias. This they had a right to do. It is specifically provided by our Code that the juvenile courts shall be open for the disposition of business at all times, and it is the spirit and purpose of our law to dispose of this class of cases as speedily as possible. We find no error in the action of the trial court in hearing and disposing of the case on the 16th of December, 1924.

[2] It is also set up in the application that the commitment issued out of the juvenile court of Cooke county is void, and that the complaint and information filed against applicant charged her with no offense; it is also asserted that, because of a failure on the part of the complaint and information to allege that applicant was under the age of 16 years, same presented no offense. Each of these complaints has been considered. It is true that the complaint and information did not allege applicant to be under the age of 16, but no objection was made in the trial court upon any such ground as this, notwithstanding applicant was represented by able attorneys, and that her mother was

---

⚶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

present. The undisputed proof adduced, as appears in the statement of facts, shows that applicant was 14 years of age. The facts set out in the information and complaint sufficiently support the allegation that she is a delinquent child.

[3] The judgment rendered by the trial court is attacked upon the ground that it does not set out the length of time for which applicant is committed to the training school. We find no direction in our statute requiring the court to fix a definite length of time for the commitment of female delinquents, save that it is provided that they shall not be committed for a period beyond minority. The judgment in the instant case directs that applicant be detained in said training school until she shall have reached the age of 21 years, unless the court shall make different disposition of her. We do not think the judgment open to the complaint leveled at it. It occurs to us that in keeping with the spirit of the entire juvenile statute it was not intended to fix an unchangeable and definite period of time for which incarceration should be had. It seems that the object of the detention is the reform of the juvenile offender, and power is lodged in the trial court to change its judgment at any time and allow the juvenile to go free, probably upon a sufficient showing of reformation.

It is asserted that the judgment and sentence are in violation of article 1205 "of the state of Texas." Article 1205 of the C. C. P. of this state relating to juvenile offenders was repealed by the Legislature in 1913.

We have carefully examined the statement of facts adduced upon the trial of this young girl, which shows beyond question that she was a juvenile delinquent within the meaning of our statute defining that offense; that her mother was notified and was present at the trial on December 16, 1924; that the judgment and commitment were in accordance with the direction of the law.

The relief sought by the habeas corpus will be denied, and applicant will be remanded to the custody of Dr. Carrie Weaver Smith, superintendent of the Girls' Training School at Gainesville, Tex.